**Gorman Donald KING and Edlene King, Plaintiffs-Appellants,**

v.

**ROSS COAL COMPANY, INC., Russell H. Wilson, and Charles C. Ross, individually and as partners d/b/a Ross Coal Company, and Robert L. Wilson, Defendants-Appellees.**

Court of Appeals of Tennessee,
Eastern Section,
at Knoxville.

July 7, 1984.

Permission to Appeal Denied by
Supreme Court Oct. 10, 1984.

Charles B. Lewis of Morton, Lewis, King & Krieg, Knoxville, for plaintiffs-appellants.

Earl F. Layman of Key, Lee & Layman, Knoxville, for defendants-appellees.

MATHERNE, Retired Judge

While operating a drill in the defendant's strip mining operation, the plaintiff, Gorman Donald King, was seriously and permanently injured when a huge rock fell on him. The plaintiff sues his employer in a common law action alleging that the incident which resulted in his injuries was not an "accident" as contemplated by the Tennessee Workers' Compensation Law but was an intentional tort committed upon him by his employer, thus removing the exclusive remedy provisions of the Workers' Compensation Law. The trial judge granted the employer's motion for summary judgment, and dismissed the plaintiff's common law action on the ground that the Workers' Compensation Law provided the exclusive remedy against the employer.

I.

The plaintiff alleged that the drilling of the strip mine produced a dangerous highwall about which the owner and foreman were repeatedly warned. Notwithstanding these warnings and the obvious danger to the workers, the employer continued the drilling operation. The plaintiff alleged:

> Plaintiff avers that defendants, with knowledge and consciousness that injury was likely to result to the plaintiff and others in his position, did negligently, willfully, maliciously, outrageously, wrongfully, deliberately, wantonly and recklessly subject the plaintiff to a known danger and that such acts and omissions were equivalent to a deliberate attempt to produce such injury as occurred to the plaintiff, thus subjecting said defendants to common law liability.

The plaintiff further alleged the violation of state and federal statutes governing the operation of strip mines, which violations resulted in plaintiff's injuries.

The defendants did not answer, but filed a Motion to Dismiss and/or for Summary Judgment on the ground that Tennessee

Code Annotated, Section 50–908, provides that the exclusive remedy is as allowed under the Workers' Compensation Law, thus barring the plaintiff's common law cause of action. Attached to the motion were two affidavits which state that the plaintiff was seriously injured on the date averred while working at the defendant's strip mine; that the plaintiff and the defendant were operating under the Workers' Compensation Law; that the plaintiff was injured while working in the course and scope of his employment; that the plaintiff has been drawing benefits under the law at the rate of $119.00 per week for a total amount in excess of $8,000.00; that the defendant's insurer has paid $113,126.23 in medical expenses for the plaintiff; and that the plaintiff continues to draw benefits under the law. The plaintiff filed affidavits, but there was no countervailing affidavit which disputed the foregoing statements, and we treat those facts as established.

The plaintiff filed the affidavits of six fellow employees or witnesses for the purpose of showing that a jury issue was presented. These affidavits establish that plaintiff was injured in the manner alleged; that the highwall created by the strip mining operation was exceedingly dangerous to workers at its base; that these employees warned the owners and foreman of this condition; that the wall could have been rendered safe by blowing off the top; that the owners did not do this because of the trouble and expense of removing the blasted rock; that the owners refused repeated requests to remedy the dangerous condition of the wall; that some employees refused to work beneath the wall because of its dangerous condition; that the plaintiff's usual occupation with the employer was that of a mechanic, but he was operating a drilling machine when he was injured; and that repeated rock slides occurred at the wall for a period of a few weeks prior to the incident. There are no countervailing affidavits which deny or condition the above statements, and we treat those facts as established.

II.

In *Cooper v. Queen,* (Tenn.App.1979) 586 S.W.2d 830, the court held that an intentional tort by the employer in person upon the employee will afford a ground for common law action for damages. The reason for the rule being that the employer in such a situation would have to affirmatively plead the exclusiveness of the act as a defense and cannot do so when he has deliberately produced the result. However, the *Cooper* court held that allegations which establish gross or criminal negligence fall short of alleging actual intent to injure. The court stated that "(t)here is a distinct difference in fact and law between gross or criminal negligence and *actual intent to injure."* (Emphasis added)

The subject is discussed at 2A Lawson, Workmen's Compensation Law, § 68.13 at 13–5 [1982], as follows:

Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of *general intentional injury.* . . . Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully and unlawfully violating a safety statute, this still falls short of the kind of *actual intention* to injure that robs the injury of accidental character. (Emphases added)

The Workers' Compensation Law takes away from the employee his common law rights and gives him others, on the guarantee that these substituted rights shall be generously awarded, both for foregoing his common law rights and in consideration of the obligations of his employer to keep his employee from becoming a pub-

**620**

lic charge. *McKamey v. Pee Wee Mining Co., Inc.*, (Tenn.1973) 498 S.W.2d 94. The legislature has made the rights of the employee and employer the exclusive remedy. Those who accept benefits under an act of this kind must likewise take the burdens. *Liberty Mutual Ins. Co. v. Stevenson*, (1963) 212 Tenn. 178, 368 S.W.2d 760.

■ The plaintiffs have alleged that the acts and omissions of the defendants "were equivalent to a deliberate attempt to produce such injury as occurred to the plaintiff, thus subjecting said defendants to common law liability." There is no charge in the complaint, and there is no fact stated in any of the six affidavits filed by the plaintiff, that shows an actual intent on the part of the defendants to cause injury to the plaintiff. The allegations and facts stated might be sufficient to take to a jury the issues of "gross, wilfull and wanton negligence" as alleged by the plaintiff, but the statute bars that course of action and remedy. We hold that it takes more than a mere inference of tortious intent to convert the defendant's negligence into an intentional tort.

■ We further hold that the state and federal statutes governing the operation of strip mines were not designed to remove the exclusive remedy provisions of the Workers' Compensation Statute. If a plaintiff can legally remove the exclusiveness of that remedy, then the violation of the statutes might be pertinent to a recovery.

■ There being no disputed issue of fact, we hold that the defendants are entitled to judgment as a matter of law. The order sustaining the defendant's motion for summary judgment is affirmed. The cost in this court is adjudged against the plaintiffs-appellants for which execution may issue, if necessary.

PARROTT, P.J., and GODDARD, J., concur.