**Clayton COFFEY, et al., Plaintiffs–Appellants,**

v.

**FOAMEX L.P., and Recticel Foam Corporation, Defendants–Appellees.**

**No. 92–5990.**

United States Court of Appeals,
Sixth Circuit.

Submitted June 18, 1993.

Decided Aug. 6, 1993.

---

Sidney W. Gilreath, Richard Baker, Jr. (briefed), Gilreath & Associates, Knoxville, TN, for plaintiffs-appellants.

Charles T. Herndon, IV (briefed), Johnson City, TN, Henry W. Killeen, III, Harris, Beach & Wilcox, Buffalo, NY, for defendants-appellees.

Before: MERRITT, Chief Judge; and GUY and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Plaintiffs, three employees of defendants, and their wives, filed a complaint in District Court on October 11, 1991, claiming the plaintiffs (including their wives and children) suffered neurological injuries and illness caused by their exposure to chemicals at the workplace, primarily a chemical known as "TDI." They claimed that the defendants "actively practiced fraud upon the plaintiffs" by failing to warn them of the dangers of contamination and by maintaining a hazardous work environment of which the plaintiffs were unaware. The complaint included a loss of consortium claim on behalf of the wives. The same three employees had each earlier filed state workers' compensation claims, and received benefits, for respiratory problems they said were caused by chemical exposure.

The defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), arguing that plaintiffs had failed to state a claim upon which relief may be granted, and that the claims were barred under the exclusivity provisions of the Tennessee workers' compensation law. Plaintiffs amended their complaint on February 28, 1992 to show proper diversity of citizenship.

On March 4, 1992, the District Court dismissed the complaint in part, treating defendants' motion and attached affidavits as a motion for summary judgment. The District Court denied defendants' motion to dismiss the wives' personal injury claims. On appeal,

we dismissed *sua sponte,* holding that the order was not final and appealable since it had preserved the wives' claims. *Coffey v. Foamex,* 966 F.2d 1451 (6th Cir.1992). Plaintiffs voluntarily dismissed these remaining claims without prejudice on July 16, 1992, rendering the order final and appealable. They filed a timely notice of appeal on July 22, 1992.

Plaintiffs claimed that defendants' fraud consisted of failure to warn them about the dangers of exposure to the chemicals, false representations about the chemicals' safety, and failure to disclose their knowledge about the dangers to plaintiffs, who lacked such information; these acts rose to the level of intentional tort. Plaintiffs now argue that since Tennessee recognizes fraud as an intentional tort, the Tennessee workers' compensation law does not bar their lawsuit. The injuries claimed in the suit at bar, they insist, are not the same as those for which they were compensated under workers' compensation; payments and settlements plaintiffs agreed to in the context of the earlier claim do not bar them from recovering for subsequent injuries caused by further contamination. We disagree.

We review grants of summary judgment motions *de novo.* In reviewing a summary judgment disposition, the Court of Appeals must determine whether the party opposing the motion has put forth evidence which, if produced at trial, would withstand the movant's motion for a directed verdict. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989) (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Bare allegations by the non-moving party will not alone suffice; they must be supported by sufficient evidence such that "reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Mitchell v. Toledo Hospital,* 964 F.2d 577, 581–82 (6th Cir.1992) (quoting *Liberty Lobby,* 477 U.S. at 252, 106 S.Ct. at 2512). Where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial," granting the motion for summary judgment is appropriate. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

1. *Exclusivity of remedy under Tennessee workers' compensation law.*

■ The Tennessee Workers' Compensation Law [1] provides:

**Right to compensation exclusive**—(a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident ... shall exclude all other rights and remedies of such employee ... at common law or otherwise, on account of such injury or death.

Tenn.Code Ann. § 50–6–108 (1991). As in other jurisdictions, the courts have carved out an exception for intentional torts committed by an employer against an employee, *see Cooper v. Queen*, 586 S.W.2d 830, 833 (Tenn. App.1979) (Tenn. *cert. denied* ); these torts give rise to a common law action for damages, *id.*

However, the Tennessee courts have consistently defined the scope of the intentional tort exception narrowly, holding that "gross or criminal negligence" is not considered an intentional tort for this purpose. *Cooper*, 586 S.W.2d at 833. The *Cooper* court explained, quoting a treatise on workers' compensation law:

Since the legal justification for the common law action is the non-accidental character of the injury from the defendant employer's standpoint, the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, wreckless, [sic] culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.

*Id.*, (quoting Larson, *Workmen's Compensation* (desk ed.) § 68.10). The court approvingly cited two cases from other jurisdictions

in which "gross or criminal negligence" had been held not to constitute intentional torts; both cases involved employers which had "knowingly permitted a hazardous work condition to exist" and nonetheless directed workers to work in such conditions. *Id.* at 833–834.

While the Tennessee Supreme Court has never given its specific imprimatur to the intentional tort exception, the Tennessee courts have stuck with *Cooper* and have not extended its rule. In *King v. Ross Coal*, 684 S.W.2d 617 (Tenn.App.1984), the court followed *Cooper* and expounded on the rationale behind the narrow exception.

The Workers' Compensation Law takes away from the employee his common law rights and gives him others, on the guarantee that these substituted rights shall be generously awarded, both for foregoing his common law rights and in consideration of the obligations of his employer to keep his employee from becoming a public charge. The legislature has made the rights of the employee and employer the exclusive remedy. Those who accept benefits under an act of this kind must likewise take the burdens.

*King*, 684 S.W.2d at 619–20 (citations omitted). The *King* court restated the requirement that the plaintiff show "actual intent ... to cause injury.... We hold that it takes more than a mere inference of tortious intent to convert the defendant's negligence into an intentional tort." *Id.* at 620. In continuing this line of cases, the Court of Appeals has declined to adopt the arguments of plaintiffs who argue for a less stringent standard such as the "substantially certain [to cause injury]" standard for intentional tort. "Any departure from the stated public policy of this jurisdiction must come from the legislature or the Supreme Court." *Mize v. Conagra*, 734 S.W.2d 334, 336 (Tenn.App. 1987).

---

1. This court, in exercising diversity jurisdiction, applies the substantive state law in accordance with *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where the relevant state law is unsettled, the court rules

based on its assumption of how the highest state court would rule if faced with the same case. *Comm'r of Internal Revenue v. Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

## 2. Fraud as an intentional tort falling within the exception.

In *Brewer v. Monsanto Corp.*, 644 F.Supp. 1267 (M.D.Tenn.1986), plaintiffs alleged, among other things, that their employer fraudulently concealed from them the "true nature" of PCB chemical contamination which ultimately caused them injury. *Brewer*, 644 F.Supp. at 1270. Noting that under *Cooper*, a corporation cannot perpetrate a tort "in person" upon an employee, and that an intentional tort by a co-employee is actionable, but not directly against the employer, the court held that "a corporate employer [is] liable for intentional torts carried out at the behest of the corporate employer but through corporate employees." *Id.* at 1275. Since fraud is an intentional tort under Tennessee law, *id.* (citing *Wynne v. Allen*, 66 Tenn. 312 (7 Baxt.) (1874)), it falls outside the exclusivity provisions of the Workers' Compensation Law.

█ The problem with *Brewer*[2] is its assumption that since the Tennessee courts consider fraud to be an intentional tort, allegations of fraud resulting in worker injury necessarily fall outside the workers' compensation scheme. As the Tennessee cases show, the existence of the defendant's actual intent, not the nature of the tort, determines whether common law suit is permitted; again, "it takes more than a mere inference of tortious intent to convert the defendant's negligence into an intentional tort." *King*, 684 S.W.2d at 620. *See also Cooper*, 586 S.W.2d at 833 ("There is a distinct difference in fact and law between gross or criminal negligence and actual intent to injure."). Cases in which an employer "knowingly permit[s] a hazardous work condition to exist [or] knowingly order[s] claimant to perform an extremely dangerous job ... fall[] short of the kind of *actual intention* to injure that robs the injury of accidental character." *Mize*, 734 S.W.2d at 336 (quoting *King*, 684 S.W.2d at 619); *see also Gonzales v. Alman Construction Co.*, 857 S.W.2d 42, 48 (Tenn. App.1993) ("The law in this State provides that a breach of the employer's duty to provide a safe place to work is not equated with an actual intent to injure nor with intentional tortious conduct."). To permit a plaintiff otherwise covered by workers' compensation to pursue common law claims for gross negligence or willful misconduct simply by pleading them in terms of fraudulent concealment would be to circumvent completely the exclusivity provision of the workers' compensation scheme for all torts involving greater culpability than simple negligence.

█ The facts alleged by plaintiffs do not, in any event, make out a prima facie intentional tort under Tennessee law. To establish the intentional tort of "fraudulent misrepresentation" in Tennessee, the alleged misrepresentation

(1) must have been a representation as to an existing fact; (2) must have been false; (3) must have been relied upon; and (4) must have been so material that it determined the conduct of the parties seeking relief.

*Atkins v. Kirkpatrick*, 823 S.W.2d 547, 552 (Tenn.App.1991). Plaintiffs Coffey, Owens, and Hawk aver that they "used various chemicals produced and, in so using, breathed their vapors and/or came into contact with the chemicals on their skin." Complaint at 4, ¶ 11. The date of this occurrence is not specified. The complaint alleges that "the chemicals ... were in a defective condition or were unreasonably dangerous." *Id.*, ¶ 13. The defendants were acting "outside the scope and course of defendants' capacity as an employer [and] actively practiced fraud upon the plaintiffs and failed to warn plaintiffs of TDI contamination." *Id.* at 5, ¶ 20. "The defendants, through their agents, are guilty of fraud as to the plaintiffs by exposing them to hazardous conditions in the work environment of which the plaintiffs were unaware." *Id.* at 5–6, ¶ 21. The "agents" mentioned are nowhere named or specified.

Fed.R.Civ.P. 9(b) requires that averments of fraud must be stated with particularity. The Sixth Circuit reads this rule liberally, however, requiring a plaintiff, at a minimum, to "allege the time, place, and content of the

---

**2.** For a criticism of *Brewer*'s application of the Workers' Compensation Law exclusivity provisions, *see* Joseph H. King, Jr., *The Exclusiveness of an Employee's Workers' Compensation Remedy Against His Employer*, 55 Tenn.L.Rev. 405 (Spring 1988).

alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ballan v. Upjohn Co.*, 814 F.Supp. 1375, 1385 (W.D.Mich.1992) (citing *Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 679 (6th Cir.1988)). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Brewer*, 644 F.Supp. at 1273.

Here, while the complaint fairly clearly alleges the existence of a dangerous workplace, the manner in which injury occurred, and, to a lesser extent, the injuries which resulted, the complaint is vague at best as to which specific acts or omissions of the defendants amounted to fraudulent misrepresentation. The allegation that "defendants ... actively practiced fraud upon the plaintiffs" is purely conclusory. That they "failed to warn plaintiffs of TDI contamination," without more, does not give rise to fraudulent misrepresentation; neither does "exposing [plaintiffs] to hazardous conditions in the work environment of which the plaintiffs were unaware." More importantly, perhaps, the complaint does not properly set out allegations of plaintiffs' reliance on defendants' supposed misrepresentations. The allegations set out in *Brewer* were apparently more detailed, even given the *Brewer* court's evidently generous consideration of the complaint. Nonetheless, despite the plaintiffs' failure to satisfy the requirements of Rule 9(b), in the absence of defendants' motion for more definite statement under Rule 12(e), dismissal on this basis alone would not be appropriate. *See Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir.1985) (in meeting Rule 9(b) particularity requirement, "federal courts must be liberal in allowing parties to amend their complaints").

More problematic to plaintiffs is the fact that all three had previously alleged injuries due to contact with the same harmful chemicals, and had received settlement payments under workers' compensation. This fact constituted the basis for the District Court's granting of summary judgment in favor of the defendants. Plaintiffs, of course, argue that this complaint is a different kettle of fish; they claim defendants "fraudulently withheld important information on which each plaintiff relied," and that the present personal injury claims, for "neurological" disorders, constitute different injuries and claims based on them are not barred by the favorable disposition of the prior claims. Plaintiffs say that had the information (presumably, that the chemicals were dangerous) been available to them, they would not have continued working for defendants.

■■■■ It is difficult as a matter of logic to see how injuries such as plaintiff Hawk's burned larynx, for which he received compensation for three days of disability, and plaintiff Coffey's "permanent partial disability" due to inhalation of vapors, for which he was paid over fifty thousand dollars in settlement, would not have put the plaintiffs on notice that they were in danger, regardless of defendants' representations. More difficult to see is how plaintiffs relied on defendants' supposed representations of the chemicals' safety in the wake of these injuries, all of which happened several years ago. "Where the plaintiff has actual knowledge ... that the representation is false, an action for fraud will not lie." *Pusser v. Gordon*, 684 S.W.2d 639, 642 (Tenn.App.1984). Reliance on a fraudulent misrepresentation must be reasonable; "if one knows the truth and is not deceived, he is not defrauded." *Maddux v. Cargill, Inc.*, 777 S.W.2d 687, 691–92 (Tenn.App.1989). Where the injured party is put on notice of potential harm or damage, even if given assurances of safety as well, his reliance on those assurances must be reasonable. If he does not attempt to investigate or otherwise guard against that about which he was warned, his reliance is rendered unreasonable, and he cannot claim fraudulent misrepresentation. *See Atkins v. Kirkpatrick*, 823 S.W.2d 547, 552 (Tenn.App.1991) (where agent told purchaser of lot that lot was approved for septic system and was buildable, but cautioned him to contact the inspectors for confirmation, and inspectors said lot was approved "so long as it had not

been disturbed by cut or fill," but purchaser did no further investigation, purchaser has no claim for fraudulent misrepresentation against agent where lot had been filled and was not fit for building). Since plaintiffs have neither alleged in their complaint nor provided evidence of facts which would support a finding that they reasonably relied on defendants' alleged fraudulent misrepresentation, plaintiffs have failed to establish an essential element of their claim, *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552, and their suit thus cannot survive summary judgment.

### 3. Settlements for previous claims as barring further claims.

█ The District Court granted summary judgment in favor of defendants because plaintiffs had formerly agreed to settlement payments under workers' compensation for injuries caused by chemical exposure. While we do not believe (nor do we think the District Court meant to imply) that because an injured worker has received compensation, he is forever barred from claiming compensation for distinct future injuries that might be caused by the same hazard, we agree that in this case, because of the factors we have discussed, plaintiffs' claims are barred due to their previous successful claims.

While all three plaintiffs previously received compensation for chemically-caused injuries, Coffey's present case is the weakest, since, as the District Court pointed out, he specifically agreed to settle "all claims of whatever kind or nature." But so far as the present complaint sets out the facts, there is no indication as to any of the plaintiffs that the inhalations and other contacts with the chemicals causing the complained-of neurological damage occurred on occasions different from those which caused the earlier injuries. We must assume that the harmful contacts were the same. Where a worker is compensated, or is entitled to compensation, for disability or for medical expenses, under the Workers' Compensation Act, "the exclusive remedy provision of the Worker's [sic] Compensation Act extends to the entire injury and all its damages." *Clayton v. Pizza*

*Hut, Inc.*, 673 S.W.2d 144, 146 (Tenn.1984). Again, "[t]hose who accept benefits under an act of this kind must likewise take the burdens." *King v. Ross Coal Co., Inc.*, 684 S.W.2d 617, 619 (Tenn.App.1984) (in context of plaintiffs already receiving workers' compensation benefits).[3] *See also White v. Apollo–Lakewood, Inc.*, 290 Ark. 421, 720 S.W.2d 702 (1986) (where plaintiffs injured by inhaling chemicals received benefits, and then went back to work, direct suit against employer, including allegations of fraudulent concealment, were barred by similar exclusive remedy provisions of Arkansas workers' compensation law). Even assuming plaintiffs' version of the facts to be undisputed, as we must in reviewing a grant of summary judgment, plaintiffs' assertion that the present complaint seeks compensation for injuries wholly different from those for which they have already been compensated is merely a "bare allegation" unsupported by fact. *Mitchell*, 964 F.2d at 582. The District Court did not err in concluding that the present complaint is barred.

For the reasons given, the order of the District Court dismissing plaintiffs' claims is **AFFIRMED.**

---

**3.** We note that the fact that plaintiffs have already received workers' compensation benefits

distinguishes the present case from *Brewer.*