In re THE ELDER–BEERMAN STORES CORP., an Ohio Corporation, et al., Debtors.

Milton E. HARTLEY, Plaintiff,

v.

THE ELDER–BEERMAN STORES CORP., et al., Defendants.

Bankruptcy No. 95–33643.
Adversary No. 98–3020.

United States Bankruptcy Court, S.D. Ohio, Western Division.

June 29, 1998.

David C. Greer, and Charles F. Shane, Bieser, Greer & Landis, LLP, Dayton, OH, for Milton E. Hartley.

Richard A. Chesley, Jones, Day, Reavis & Pogue, Chicago, IL, for The Elder–Beerman Stores Corporation.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

WILLIAM A. CLARK, Chief Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) & 1334, and the standing General Order of Reference in this District. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) & (O) (1994). The following Decision and Order constitutes the court's findings in accordance with Federal Rule of Bankruptcy Procedure 7052(a).

This matter is before the court on the Answer, Objection to Proof of Claim and Counterclaim [Adv. Doc. # 4–1] of Defendant and Reorganized Debtor, the Elder–Beerman Stores Corporation (hereinafter "Elder–Beerman"), the Motion to Dismiss Defendant's Counterclaim [Adv. Doc. # 6–1] of Plaintiff, Milton E. Hartley (hereinafter "Plaintiff"), and the Elder–Beerman's Memorandum in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaims [Adv. Doc. # 10–1]. On June 25, 1998, the court conducted a hearing on this matter, at which time the parties agreed to submit the matter on the pleadings and without further argument.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The issue before the court is whether the Plaintiff's Motion to Dismiss Elder–Beerman's Counterclaim should be granted. As this Motion is dependent upon the nature of the underlying dispute, the court finds it necessary to examine the pleadings in this adversary.

This proceeding arises within an adversary brought by the Plaintiff, Milton E. Hartley, to recover under breach of contract and promissory estoppel theories monies he is allegedly owed by the Reorganized Debtor, Elder–Beerman. The Plaintiff argues in his Complaint that he was wrongfully terminated from employment with Elder–Beerman. The Plaintiff has also submitted a request for a jury trial which has not yet been addressed by the court.

In its Answer to the Plaintiff's Complaint, Elder–Beerman has asserted a Counterclaim and Objection to the Plaintiff's Proof of Claim. Elder–Beerman states two independent grounds for its Objection and Counterclaim: 1) that Elder–Beerman is entitled to declaratory judgment that Mr. Hartley was discharged for cause; and 2) that Elder–

Beerman is entitled to damages for allegedly fraudulent conduct entered into by the Plaintiff while he was employed by Elder–Beerman.

In response to that Answer, the Plaintiff has made a Motion to Dismiss Elder–Beerman's Counterclaim. The Plaintiff bases his Motion on Ohio Declaratory Judgment law, as well as Federal Civil Procedure Rules 9(b) and 12(b). It is this Motion, as well as Elder–Beerman's Memorandum in Opposition, that the court considers today. The court will address each element of Elder–Beerman's Counterclaim in turn.

## DECLARATORY JUDGMENT

Elder–Beerman has requested Declaratory Judgment on the issue of whether Plaintiff was discharged from its employment "for cause." In response, Plaintiff argues that under Ohio law, Declaratory Judgment is unavailable as a counterclaim as to issues already pending between the parties.

There is some confusion in the parties' pleadings as to whether federal or state law will apply to this dispute. The Plaintiff is correct in his contention that under the *Erie Doctrine,* the Supreme Court has directed federal courts to apply state substantive law in non-federal subject matter cases. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Plaintiff overlooks, however, the Supreme Court's subsequent holding that even when applying state-court law, federal courts are bound to apply federal procedural law. *Hanna v. Plumer,* 380 U.S. 460, 469–74, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

Because bankruptcy cases arise as a matter of federal subject-matter jurisdiction under Title 11, adversary proceedings not otherwise dealing with federal law arise as a matter of supplemental jurisdiction. Courts in such adversary proceedings, including the one before the court, are therefore directed to apply state substantive law and federal procedural law.

■ While this dispute arises out of Ohio contract and fraud law, the question of whether declaratory judgment is available as a counterclaim is unquestionably a procedural matter, and thus is governed by federal law.

The court therefore recognizes the case law cited by both parties, but chooses instead to rely on the Sixth Circuit's discussion of this issue in *Western Supplies Co. v. Freeman,* 109 F.2d 693, 695–96 (6th Cir.1940). In *Freeman,* the Sixth Circuit stated that:

> " 'It is well established that the benefits of [declaratory judgment] should not be extended unless there is an actual present controversy between the parties, and even then the court should not decide the disputed question if the result would be merely to anticipate the trial of an issue involved in a pending case ....' "

*Id.* at 695–96.

■ Thus the federal courts do allow a counterclaim for declaratory judgment when the counterclaim does not anticipate a pending issue, or even where the pending issue is a purely legal one which can be determined in isolation from factual issues otherwise entitled to jury trial under Civil Rules 38 and 39, and the Seventh Amendment to the United States Constitution. For example, when a plaintiff seeks damages for patent infringement in a lawsuit, it is accepted procedure for the defendant to counterclaim for declaratory judgment as to the validity of the patent. *Kawneer Co. v. Pittsburgh Plate Glass Co.,* 103 F.Supp. 671, 675 (W.D.Mich. 1952).

■ Here, Elder–Beerman's Declaratory Judgment Counterclaim is nothing more than a denial of the Plaintiff's allegation that he was wrongfully terminated. In a recent case, the Ohio Court of Appeals recognized that there is a split among the Ohio courts as to whether "just cause" termination is a matter of law or fact. *Biles v. Ohio Bureau of Emp. Servs.,* 107 Ohio App.3d 114, 667 N.E.2d 1244 (1995). Even so, the Ohio Supreme Court has stated that "the determination of whether just cause exists necessarily depends upon the unique factual considerations of the particular case." *Irvine v. State Unemployment Compensation Board of Review,* 19 Ohio St.3d 15, 17, 482 N.E.2d 587, 590 (1985). This court agrees that the question of "just cause" termination in this case is

dependent upon the unique factual considerations, and therefore should be heard in the context of the factual dispute.

Under somewhat different circumstances, Judge Newsome chose to treat declaratory judgment counterclaims as affirmative defenses, and this court finds no reason to act differently here. *In re Baldwin–United Corp.*, 55 B.R. 885, 911 (Bankr.S.D.Ohio 1985). This court agrees with Judge Newsome's treatment. The court finds that under these circumstances, the issues will be determined when and if Plaintiff's Complaint is heard at trial and are not subject to the declaratory judgment counterclaim.

### FEDERAL RULES 9(b) AND 12(b)

 As was the case with the issue of Declaratory Judgment, the question of whether Elder–Beerman's counterclaim satisfies the Rules of Civil Procedure pertaining to fraud is a procedural question and is therefore governed by federal law, though the underlying law of fraud is state law.

In Bankruptcy, Federal Rule of Bankruptcy Procedure 7009(b) governs the pleading of fraud in adversary proceedings. Bankruptcy Rule 7009(b) adopts by reference Federal Rule of Civil Procedure 9(b), which states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

At first glance, this Rule seems to contrast with Bankruptcy Rule 7008, which adopts by reference Civil Rule 8, and which in turn only requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Even so, the Sixth Circuit has merged the two Civil Rules so that they are not inconsistent. In an unpublished 1997 decision, the Sixth Circuit relied upon Ohio substantive law and stated that to satisfy Federal Rule 9(b), "the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given

as a consequence of the fraud." *Bell v. Bell,* Case No. 96–3655, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997).[1] In doing so however, the pleader need only satisfy the liberal standard of Rule 8, and plead these elements with a short and plain statement. *Coffey v. Foamex L.P.,* 2 F.3d 157, 161 (6th Cir.1993).

The court has examined Elder–Beerman's Counterclaim, and finds that it satisfies the standards set forth in Rules 8 and 9, and the Sixth Circuit decisions of *Bell* and *Coffey.* Elder–Beerman has set forth the time—fiscal years 1992 to 1995. It has also set forth the place and content—at Elder–Beerman in its books and records. The Counterclaim states that what was allegedly misrepresented—the financial results of the years in question. Finally, Elder–Beerman states that what was obtained—bonuses Plaintiff would otherwise not been entitled to.

Given that Elder–Beerman's Counterclaim satisfies the federal standard for Rules 8 and 9, and that Elder–Beerman has met the standards for a state-law fraud claim, the court finds that Plaintiff's Motion under Federal Rules of Civil Procedure 9 and 12 is not well taken.

### CONCLUSION

For the reason that the relief requested in Elder–Beerman's Counterclaim for Declaratory Judgment is already at issue in the Plaintiff's Complaint, and because those issues are fact-dependent, it is the court's conclusion that Plaintiff's Motion to Dismiss Counterclaim as it relates to the counterclaim for Declaratory Judgement should be, and hereby is, GRANTED.

For the reason that Elder–Beerman's Counterclaim for fraud by misrepresentation satisfies the requirements of Federal Rules of Civil Procedure 8 and 9 and the Sixth Circuit cases of *Bell* and *Coffey,* it is the court's conclusion that Plaintiff's Motion to Dismiss Counterclaim as it relates to the

---

1. Sixth Circuit Rule 24(c) permits citation to unpublished dispositions if the "unpublished disposition has precedential value in relation to a material issue in a case and … there is no published opinion that would serve as well …."

counterclaim for fraud by misrepresentation should be, and hereby is, DENIED.

It is so ORDERED.