John CALIPARI and Steve Smith, Plaintiffs,

v.

POWERTEL, INCORPORATED; Powertel/Memphis, Incorporated, Individually and DBA Voicestream Wireless and Voicestream Wireless, An assumed name; and Voicestream Wireless, Inc., Delaware corporations Defendants.

No. CIV. 02–2684–D/A.

United States District Court, W.D. Tennessee, Western Division.

Nov. 19, 2002.

James O. Lockard, Lockard Law Firm, Memphis, TN, Mike Roberts, Law Office of Mike Roberts, Memphis, TN, for Plaintiffs.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNTS III, IV, and V

DONALD, District Judge.

Plaintiffs John Calipari and Steve Smith filed this action against the defendants alleging breach of contract, fraud, specific performance, and tort. The defendants have filed a motion to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6). For the following reasons, the defendants' motion is GRANTED.

### I. FACTUAL BACKGROUND

On or about May 2000, Plaintiff Calipari and Defendant Powertel entered into a contract in which Calipari would allow the use of his name, likeness, and personality to promote Powertel's products. The agreement was for a term of four years and was to end in 2004. On July 20, 2001, Defendant VoiceStream, who had acquired Defendant Powertel's business, informed Calipari that it would not honor the May 2000 endorsement agreement. On or about January 1, 2002, Defendant VoiceStream ceased payment to Calipari. On August 29, 2002, plaintiffs brought this action alleging breach of contract, specific performance, fraud, "prima facie tort", and breach of fiduciary duty. Defendants have moved to dismiss the fraud, breach of fiduciary duty, and "prima facie tort" counts pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6).

### II. STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure enables a defendant to file a motion to dismiss for a plaintiff's failure to state a claim upon which relief can be granted. Motions to dismiss under Rule 12(b)(6) are designed to test "whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.* 859 F.2d 434, 436 (6th Cir.1988). Dismissal under Rule 12(b)(6) is appropriate where there is no set of facts that would entitle the plaintiff to recover. *Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir.1989). In reviewing a defendant's Rule 12(b)(6) motion to dismiss, a district court should construe the complaint in the light most favorable to the plaintiff, and determine whether the plaintiff undoubtedly can prove no set of facts

in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.1990). Rule 9(b) of the Federal Rules of Civil Procedure requires that the circumstances constituting a fraud be plead with particularity. A plaintiff must, at a minimum, allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent intent of the defendants and the injury resulting from the fraud. *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993).

## III. DISCUSSION

### A. Count III: Fraud

The plaintiffs have alleged that the defendants conspired to and made material misrepresentations and omissions to the plaintiffs. This Circuit applies a threshold inquiry which tests whether "the complaint places the defendant on sufficient notice of the misrepresentation, allowing defendants to answer, addressing in an informed way plaintiff's claim of fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161–62 (6th Cir. 1993). The plaintiffs have not alleged any indication of when the alleged fraud occurred, the place where the alleged fraud occurred, or the content of the alleged misrepresentation. *See id.* The lack of such allegations fails to give the defendants sufficient notice of the misrepresentation and does not afford the defendants the opportunity to answer the plaintiffs' fraud allegation in an informed way. The plaintiffs have failed the adequately plead fraud with specificity as required by the Federal Rules of Civil Procedure. For this reason, Count III is DISMISSED.

### B. Count IV: Prima Facie Tort

The plaintiffs have alleged that the defendants conspired to intentionally deprive the plaintiffs of their earned funds and compensation. Plaintiffs further allege that the defendants' alleged breach of contract is a tort under the statutory and common law of Tennessee. The plaintiffs have not identified exactly what tort theory is applicable to this allegation.

It is well settled law that a tort cannot be predicated on a breach of contract. *See Palmer v. Nationwide Mutual Ins. Co.,* 945 F.2d 1371, 1375 (6th Cir. 1991). A tort exists only if a party breaches a duty which he owes to another independently of the contract. *Id.* The plaintiffs have not alleged that defendants owed any duty outside of the contractual relationship. This pleading deficiency is not obviated by the plaintiffs' allegation that the defendants intentionally breached the contract. The Tennessee Supreme Court has held that a willful breach of contract does not transform a breach of contract into a tort. *See Mid–South Milling Co., Inc. v. Loret Farms, Inc.,* 521 S.W.2d 586, 588 (Tenn.1975). For these reasons, Count IV is DISMISSED.

### C. Count V: Breach of Fiduciary Duty

Plaintiffs have also alleged that the defendants' alleged breach of contract breached a fiduciary duty. In order to state a claim for a breach of fiduciary duty, the plaintiffs must plead that the defendant had a "duty to act primarily for [the plaintiffs] benefit." *McRedmond v. Estate of Marianelli,* 46 S.W.3d 730, 738 (Tenn. Ct.App.2000). The plaintiffs have not alleged any facts that establishes that there was a fiduciary duty among the parties. Rather, the plaintiffs' complaint indicates that a contract was entered into by sophisticated parties. Allegations that a contract existed is insufficient to establish the existence of a fiduciary duty. *See Nationwide Mutual Insurance Co. v. National Catastrophe Adjusters,* 185 F.Supp.2d 854, 860 (S.D.Ohio 2002). For these reasons, Count V is DISMISSED.

## IV. CONCLUSION

For the above reasons, the defendant's motion to dismiss Counts II, IV, and V of plaintiffs' complaint for failure to state a claim upon which relief may be granted is hereby GRANTED.

IT IS SO ORDERED.