Meng v. Sessions

BIA
Christensen, IJ
A200 275 830

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of September, two thousand eighteen.

PRESENT:
　　　　DENNIS JACOBS,
　　　　DENNY CHIN,
　　　　CHRISTOPHER F. DRONEY,
　　　　　*Circuit Judges.*
_____

ZHENLIANG MENG,

　　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　17-217
　　　　　　　　　　　　　　　　　NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

　　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Louis H. Klein, The Kasen Law Firm, PLLC, Flushing, NY.

FOR RESPONDENT:　　　　Chad A. Readler, Acting Assistant

Attorney General; Anthony P. Nicastro, Assistant Director; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhenliang Meng, a native and citizen of the People's Republic of China, seeks review of a December 28, 2016, decision of the BIA affirming a December 10, 2015, decision of an Immigration Judge ("IJ") denying Meng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenliang Meng,* No. A200 275 830 (B.I.A. Dec. 28, 2016), *aff'g* No. A200 275 830 (Immig. Ct. N.Y. City Dec. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established: we review factual findings for substantial evidence and legal issues de novo.

2

*See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies or omissions in his or his witness's statements. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . .it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, while Meng generally asserts that any inconsistencies may be attributed to his lack of education and nervousness, he has waived review of the specific grounds for the adverse credibility determination by failing to meaningfully challenge them in his brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Given this

3

failure to raise specific challenges and the fact that the record reflects that Meng's testimony and evidence was inconsistent regarding, among other things, whether and when his wife was sterilized, and whether family planning officers broke his leg, the agency's findings stand as appropriate bases for the credibility determination. *Xiu Xia Lin*, 534 F.3d at 163-64, 166-67; *Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008). Meng's general assertion that any discrepancies resulted from his nervousness and lack of education does not resolve the inconsistencies. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

We reject Meng's due process challenges to admission of the record of his asylum interview. "Evidence is admissible provided that it does not violate the alien's right to due process of law." *Zerrei v. Gonzales*, 471 F.3d 342, 346 (2d Cir. 2006) (brackets omitted) (quoting *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006)). "[D]ue process is satisfied if the evidence 'is probative and its

4

use is fundamentally fair,' fairness in this context being 'closely related to the reliability and trustworthiness of the evidence.'" *Id.* (quoting *Zhen Nan Lin*, 459 F.3d at 268). First, because the interview record was admitted as impeachment evidence, it was properly admitted at the hearing. *See* Immig. Court Practice Manual Ch. 3.1(b)(ii)(A) ("For individual calendar hearings involving non-detained aliens, filings must be submitted at least fifteen (15) days in advance of the hearing. This provision does not apply to exhibits or witnesses offered solely to rebut and/or impeach."). Second, the agency reasonably relied on Meng's statements at the interview because the record contained a clear and detailed summary of his statements. *See Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006). Third, the interview record was admissible without the testimony of the preparing officer because it was a record prepared by a government official "in the ordinary course of [his] duties." *Felzcerek v. INS*, 75 F.3d 112, 116 (2d Cir. 1996) (explaining that "a written public record is often more accurate than the potentially hazy memory of a public official who must deal with hundreds of instances of similar conduct").

Given the substantial inconsistencies that undermined

5

both Meng's testimony and his corroborating evidence, the adverse credibility determination is supported by the "totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe, Clerk