Perez Fuentes v. Garland

BIA
Farber, IJ
A216 557 785

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty-three.

PRESENT:
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> BETH ROBINSON,
>     *Circuit Judges.*

_____

JOSUE ARMANDO PEREZ FUENTES,
>     *Petitioner,*

v.                                          20-2796
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:           Craig Relles, Esq., White Plains, NY.

FOR RESPONDENT:           Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo,

Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Josue Armando Perez Fuentes, a native and citizen of El Salvador, seeks review of an August 13, 2020 decision of the BIA, affirming a February 28, 2020 decision of an Immigration Judge ("IJ"), denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Josue Armando Perez Fuentes*, No. A216 557 785 (B.I.A. Aug. 13, 2020), *aff'g* No. A216 557 785 (Immigr. Ct. N.Y. City Feb. 28, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the findings that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). "We review factual findings under the substantial evidence standard," while "[q]uestions of law, as well as the application of legal principles to undisputed

2

facts, are reviewed *de novo*." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *see* 8 U.S.C. § 1252(b)(4)(B).

A. Withholding of Removal

To establish eligibility for withholding of removal, an applicant must show that he "will more likely than not" be persecuted "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(1), (2); *see also* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A). The agency did not err in finding that Perez Fuentes failed to establish either a likelihood that he would be targeted on account of an imputed political opinion or that his proposed group – consisting of, as Perez Fuentes phrased it, "men with . . . tattoos who would be perceived as criminal[s] or associated with a gang that will be targeted by police and gang members in El Salvador" – was a cognizable social group. Certified Admin. Record at 65.

1. Political Opinion

To demonstrate that past or prospective persecution bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the

applicant's political beliefs." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion imputed to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020) (emphasis omitted). "[O]pposition to criminal elements such as gangs, even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the gang's reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021).

The agency reasonably concluded that Perez Fuentes failed to demonstrate that gang members or the police would likely target him on account of his political opinion, real or imputed. He has never expressed a political opinion related to gangs in the past, and he admitted that he did not know what he would do if a gang approached him in El Salvador. Further, he did not allege that the gangs he fears "possess[] an ideology or stance that he opposes, that he has a particular stake in how gangs operate, or [that he has] a position on how governance in [El Salvador] ought to occur," as might have established that his resistance "took on a political dimension by transcending mere self-protection."

4

*Id.* at 203 (internal quotation marks omitted). Accordingly, the agency did not err in rejecting his claim that he would be targeted on account of an imputed anti-gang political opinion as speculative. *See id.* at 202–03; *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is "speculative at best" if it lacks "solid support" in the record). Similarly, Perez Fuentes's claim that police would target him as a suspected gang member does not show a likelihood of persecution on account of political opinion because membership or suspected membership in a criminal gang is not political in nature. *See Zelaya-Moreno*, 989 F.3d at 201.

2. Social Group

To constitute a particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 196.

We find no error in the BIA's determination that Perez Fuentes waived his challenge to the IJ's conclusion that he failed to define his proposed group with particularity. At

most, Perez Fuentes offered conclusory assertions without identifying any error in the IJ's specific findings. Because the BIA did not err in finding that Perez Fuentes waived a challenge to that dispositive finding, *see Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7, we do not consider that unexhausted claim, *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120-22 (2d Cir. 2007).

We therefore conclude that the agency did not err in denying withholding of removal, since Perez Fuentes did not satisfy his burden of showing that the harm he fears would be on account of a protected ground. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3); *Paloka*, 762 F.3d at 195. Accordingly, we do not reach Perez Fuentes's remaining challenges to the denial of withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

B. CAT Relief

To be eligible for CAT relief, an applicant must show that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R.

§§ 1208.16(c)(2), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004). In assessing whether an applicant has satisfied his burden of proof, the agency may consider "[e]vidence of past torture," the applicant's ability to relocate, violations of human rights within the country of removal, and "[o]ther relevant information regarding conditions in the country of removal." 8 C.F.R. § 1208.16(c)(3). Unlike withholding of removal, CAT relief does not require a nexus to any protected ground. *See id.* § 1208.16(c)(2).

Here, the IJ's conclusion that Perez Fuentes failed to establish a likelihood of torture is erroneous for three reasons. First, the IJ stated that the CAT claim failed because Perez Fuentes did not "meet his burden of proof in demonstrating [a] clear probability of persecution for purposes of withholding." CAR at 72. But the IJ denied the withholding claim based on Perez Fuentes's failure to establish any "nexus" to a protected ground and did not make a finding regarding the likelihood of persecution. Because a claim under CAT – "[u]nlike asylum and withholding of removal [–] does not require a nexus to a protected ground," the IJ erred in relying on her withholding findings in denying

7

Perez Fuentes's CAT claim. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Second, the IJ surmised that Perez Fuentes could avoid gangs and corrupt authorities in El Salvador by travelling only "from his job to home," just as he "ha[d] been able to keep out of the way of gangs while at Brentwood High School and after leaving school" in the United States. CAR at 73. But there is nothing in the record to suggest that the conditions in El Salvador are comparable to those in the United States, or that the IJ could logically infer Perez Fuentes's ability to avoid gangs and corrupt authorities in the former from his experience in the latter. *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007) ("[W]e will reject a deduction made by an IJ . . . when there is a complete absence of probative facts to support it – that is, when the speculation is 'bald.'"). Because "there is a complete absence of probative facts to support" the IJ's speculation, we remand the case to the BIA.

The agency compounded this error by failing to adequately explain its conclusion with respect to the issues of likelihood and acquiescence. While the agency "need not expressly parse or refute on the record each piece of evidence

8

offered by the petitioner, there must be some indication of reasoned consideration and adequate findings." *Scarlett v. Barr*, 957 F.3d 316, 329 (2d Cir. 2020) (internal quotation marks and alteration omitted). There is evidence in the record that gangs and government officials associate tattoos with gang membership and that tattoos are the most common factor among deportees who are murdered. The record also contains testimony and news articles providing accounts of police and gang violence against tattooed individuals. The agency must analyze this evidence and make a finding as to whether it establishes that Perez Fuentes has a greater than 50 percent chance of being tortured. *See Scarlett*, 957 F.3d at 329; *see also Poradisova*, 420 F.3d at 77.

Finally, in evaluating whether Salvadoran officials would acquiesce in Perez Fuentes's torture, the IJ relied entirely on statements in a State Department report describing two instances in which the government took action against gang members and extrajudicial violence. But the IJ did not address statements in the same report that impunity persists despite such actions and that gangs control territory within the country. The agency's failure to sufficiently explain its rejection of material evidence

9

contrary to its conclusions requires remand. *See De La Rosa v. Holder*, 598 F.3d 103, 110 (2d Cir. 2010) ("[I]t is not clear to this Court why the preventative efforts of some government actors should foreclose the possibility of government acquiescence, as a matter of law, under the CAT. Where a government contains officials that would be complicit in torture, and that government, on the whole, is admittedly incapable of actually preventing that torture, the fact that some officials take action to prevent the torture would seem neither inconsistent with a finding of government acquiescence nor necessarily responsive to the question of whether torture would be 'inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" (quoting Article 1, 1465 U.N.T.S. 85(CAT))).

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, and the case is REMANDED to the BIA with respect to Perez Fuentes's CAT claim. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10