**EQUAL JUSTICE FOUNDATION,**
Plaintiff,

v.

**DEUTSCHE BANK TRUST COMPANY AMERICAS, et al., Defendants.**

No. C2–04–228.

United States District Court,
S.D. Ohio,
Eastern Division.

July 18, 2005.

Edward Alan Icove, Smith & Condeni Co. LPA, Cleveland, OH, for Plaintiff.

David C. Layden, Jenner & Block LLP, Chicago, IL, Daniel Richard Swetnam, Schottenstein, Zox & Dunn, Columbus, OH, for Defendants.

## OPINION AND ORDER

SARGUS, District Judge.

In this diversity action, Defendants, Deutsche Bank Trust Company Americas and BT Commercial Corporation (collectively "Deutsche Bank" or "Defendants"), move to dismiss the Complaint filed by Plaintiff, Equal Justice Foundation ("EJF"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or alternatively under Rule 9(b) for failure to plead fraud with requisite particularity. EJF opposes the Motion. For the reasons that follow, Defendants' Motion is denied.

## I.

The Court takes all of the following well-pleaded allegations from the Complaint as true and construes them most favorably toward EJF as the non-movant. Moreover, the Court takes the attachments to the Complaint as well as matters of public record submitted by the parties into account on this Motion to Dismiss without converting it to one for summary judgment. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001) (" 'In determining whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account.'" (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997))); *see also* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed.1990).

As set forth in the Complaint, EJF is a Section 501(c)(3) non-profit organization that provides legal representation in civil matters to disadvantaged individuals and groups throughout the State of Ohio. On September 24, 1998, EJF filed a class action Complaint bringing various consumer claims against Level Propane Gases, Inc., in a civil case captioned *Mick v. Level Propane Gases, Inc.*, Case No. C2–98–959 (S.D.Ohio, Sargus, J.).

Defendant BT Commercial served as an agent for a consortium of three banks: Defendant Deutsche Bank, LaSalle Bank National Association and the Provident Bank. On November 30, 1999, Defendant BT Commercial entered in to a secured credit agreement with Level Propane and became Level Propane's largest secured creditor, supplying approximately $60 million in cash at that time.

In March of 2002, after months of litigation and extensive settlement negotiations in the *Mick* case, the parties reached a compromise. A portion of the settlement included the payment of $2.2 million in damages to members of the class. EJF specifically expressed its reservations about entering into a settlement agreement on behalf of the class for fear that Level Propane would enter bankruptcy protection to avoid fulfilling its obligations. EJF therefore refused to settle the case without a bond or letters of credit to protect the settlement. Deutsche Bank agreed to provide security to EJF in the form of two letters of credit for the specific purpose of securing the damages portion of the settlement agreement in the *Mick* Action so that the certified class would have security in the event that Level Propane could not fulfill its obligations due to bankruptcy.

On or about March 15, 2002, EJF signed a Stipulation and Settlement Agreement in the *Mick* action on the condition that Deutsche Bank would issue irrevocable standby letters of credit to secure the damages portion of the settlement agreement.[1] The Class Notice portion of the Settlement Agreement contained the following provision:

> Level's promise to the class to pay or cause to pay be paid $2,200,000 to establish the damages settlement fund is protected against a future bankruptcy filed by Level. This promise is protected because it is backed by a bank's guarantee to pay the monies to establish the fund, and that guarantee comes from the

---

1. Plaintiff did not submit a copy of the Stipulation and Settlement with its Complaint but the Defendants introduced it with their Motion to Dismiss. The Court refers to documents that are central to EJF's claims and referenced in Plaintiffs' Complaint, such as the Stipulation and Settlement, without converting this Motion to Dismiss to one for summary judgment. *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

a bank that is acceptable to Class Counsel.

(Compl., Exh. C, Class Notice, ¶ 6.)

By their terms, the drawing certificates indicate that EJF could draw the letters of credit after it delivered an executed release "as required by paragraphs 5 and 7 of the Order and Final Judgment...." (Compl., Exh. A at p. 5; Exh. B at p. 5) By the terms of the letters of credit, and the terms of the proposed settlement agreement, the letters of credit could be drawn upon only if the Court finally approved the *Mick* settlement and entered a final judgment.

The Court signed and preliminarily approved the Stipulation of Settlement on March 26, 2002 and set the fairness hearing for June 18, 2002. On March 27, 2002, Deutsche Bank issued the two letters of credit totaling $2.2 million and named EJF as the beneficiary.

On March 7, 2002, prior to the execution of the settlement agreement and issuance of the letters of credit and unbeknownst to EJF, Deutsche Bank, through BT Commercial entered into a "Forbearance Agreement" with Level Propane. Under the terms of the Forbearance Agreement, Level Propane was to perform certain obligations, including executing the settlement agreement in the *Mick* action on or before March 31, 2002, or BT Commercial would withdraw its financing.

On June 6, 2002, Deutsche Bank, along with two other banks, LaSalle Bank and The Provident Bank, filed an involuntary Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division against Level Propane and related companies. Deutsche Bank is the primary creditor in the Level Propane bankruptcy case. *See*

*In re Level Propane,* 297 B.R. 503, 505 (Bkrtcy.N.D.Ohio 2003).[2] Upon notice of filing the involuntary petition, this Court administratively stayed the *Mick* case.

In the bankruptcy case, EJF, on behalf of the *Mick* certified class, attempted to lift the automatic stay, issued pursuant to 11 U.S.C. § 362, so that it could pursue the *Mick* action to final judgment and could collect on the letters of credit. BT Commercial and Deutsche Bank opposed all attempts to obtain relief from the automatic stay. Debtor–Level Propane filed motions seeking authority to reject the proposed *Mick* settlement as an executory contract under 11 U.S.C. § 365 of the Bankruptcy Code. Following an evidentiary hearing, the Bankruptcy Court granted the motion for leave to reject the *Mick* settlement agreement and found that it was an executory contract.

EJF alleges that BT Commercial was effectively running Level Propane at the time of the execution of the settlement agreement. Moreover, EJF maintains that BT Commercial and Deutsche Bank engaged in self-dealing and had a vested interest in assuring that the *Mick* action was brought to settlement expeditiously for purposes of increasing the value of Level Propane, and that neither Defendant ever intended for the letters of credit to serve as security for the settlement in the event Level Propane went into bankruptcy. In essence, EJF alleges that Defendants rushed the completion of the settlement agreement so as to form a contract on the eve of forcing Level Propane into bankruptcy for purposes of increasing the perceived value of Level Propane and the corresponding value of the bankruptcy estate. EJF alleges that Defendants knew that Level Propane would be forced to

---

**2.** The Debtors sought, and subsequently were granted a conversion to Chapter 11. *In re*

*Level Propane,* 297 B.R. at 505.

seek to reject the settlement as a pre-petition executory contract under Section 365 and insure that Defendants would never have to perform under the accompanying letters of credit. EJF alleges that Defendants deliberately did not disclose Level Propane's dire financial situation or their plans to seek an involuntary bankruptcy against Level Propane and its affiliates.

On March 24, 2004, EJF filed the instant Complaint alleging that Defendants knew or had reasons to know that EJF required and negotiated the letters of credit for the purpose of providing protection and security in the event Level Propane filed for bankruptcy. EJF seeks a declaratory judgment, sets for common law claims for fraud and intentional misrepresentation,[3] and alleges Defendants violated the Ohio Uniform Commercial Code, Ohio Rev.Code § 1305.01 *et seq.* Defendants now move to dismiss each of EJF's claims pursuant to Fed.R.Civ.P. 12(b)(6).

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief can be granted under any set of facts that could be proved consistent with the allega-

tions." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir.1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on and the face of the complaint.

## III.

### A. Counts Two, Three and Four—Intentional Misrepresentation and Fraud

#### 1. Misrepresentations of Law or Fact

EJF's claims against Deutsche Bank for fraud and intentional misrepresentation rest upon the allegation that Deutsche Bank affirmatively expressed that the letters of credit would serve as security for Level Propane's obligations under the proposed *Mick* settlement in the event of a bankruptcy. Defendants argue that such misrepresentations, even if made, were not false statements of fact, but rather were statements of Deutsche Bank's opinion about the law and about the future application of the law. As such, Defendants contend that their statements regarding opin-

---

**3.** Plaintiff EJF pleaded but no longer asserts a claim of negligent misrepresentation. (Plain-tiffs' Memo. in Opp., at p. 2 n. 1.)

ions of law cannot form the basis for EJF's fraud or misrepresentation claims.

■ The elements of a cause of action for intentional misrepresentation are as follows:

(a) a representation or, where there is a duty to disclose, concealment of a fact,

(b) which is material to the transaction at hand,

(c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to the veracity of the representation that knowledge may be inferred,

(d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and

(f) a resulting injury proximately caused by the reliance.

*Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101, 1102 (1986). Under Ohio law, however, an alleged misrepresentation of law cannot form the basis for a fraud or intentional misrepresentation claim. *Lynch v. Dial Fin. Co.*, 101 Ohio App.3d, 742, 750, 656 N.E.2d 714, 720 (1995); *Aetna Ins. Co. v. Reed*, 33 Ohio St. 283, 292–294 (1877). The principle that fraud must rest on a misrepresentation of fact, and cannot be supported by a misstatement of opinion, is based on the theory that "everyone is equally capable of determining the law, is presumed to know the law and is bound to take notice of the law and, therefore, in legal contemplation, cannot be deceived by representations concerning the law or permitted to say he or she has been misled." *Williston on Contracts*, Misstatements of Law, § 69:10 (4th Ed.)(2004).

Deutsche Bank argues that its statements to EJF, assuming they were made, should be characterized as opinions and misrepresentations of law. Defendants contend that, whether the letters of credit would "protect and secure" EJF in the event of a Level Propane bankruptcy depended upon whether the bankruptcy court would permit EJF would to draw upon the letters of credit. Whether EJF could do so, Defendants argue, depended upon an application of the Bankruptcy Code and the resolution of legal issues that arose in the context of the bankruptcy, including: (1) whether the automatic stay would prevent EJF from seeking final approval of the *Mick* settlement; (2) whether the bankruptcy court would grant a motion to lift the stay; and (3) whether the bankruptcy court would grant the request to reject the settlement as an executory contract. Defendants therefore contend that any alleged misrepresentation that the letters of credit would protect and secure EJF in the event of a Level Propane bankruptcy were statements of opinion about the law and future application of the law.

■ EJF's Complaint alleges that Defendants withheld material information from EJF prior to EJF's agreement to accept the letters of credit as security for the settlement. EJF argues that it has stated claims of fraudulent concealment and fraud in the inducement, and that Defendants gave the promises without ever having the intention to perform under them. EJF asserts that it is not simply claiming that Defendants misrepresented the legal capability of the letters of credit to secure the settlement. It frames the issue instead as whether Defendants committed fraud by failing to disclose all material facts relevant to the letters of credit and the underlying settlement agreement thereby inducing EJF to enter into those agreements.

The Court concludes that the rule in Ohio barring actions based on misrepresentations of law does not prohibit this cause of action. " '[A] nonactionable misrepresentation of legal opinion involves the legal meaning and effect of a statute, rul-

ing, document, instrument or other source of law, while actionable misrepresentation of fact involves statements that imply the existence of accurate and readily ascertainable facts that either concern the law or have legal significance, but which are not part of the law themselves.'" *Williston on Contracts, supra* (quoting *Winton v. Johnson & Dix Fuel Corp.*, 147 Vt. 236, 515 A.2d 371 (1986)). EJF alleges that Defendants made statements that implied the *fact* that the letters of credit were being supplied to protect the damages portion of the settlement in the event of a bankruptcy proceeding involving Level Propane. Had Defendants assured EJF that the letters of credit would not be the subject of an automatic stay or that the *Mick* settlement would not be rejected as an executory contract under the Bankruptcy Code, for example, they would have been providing legal opinions and thus would have made misrepresentations of law. That scenario, however, is not what EJF alleges occurred here. EJF does not claim that Defendants made an expression of opinion with regard to its rights and obligations in the event of a Level Propane bankruptcy. EJF alleges that Defendants fraudulently failed to disclose material facts that would have led EJF to refuse to execute the *Mick* settlement. EJF contends that Defendants gave the assurances and letters of credit essentially knowing that EJF would never be able to collect because Defendants would seek almost immediately to discharge the debt in the bankruptcy, which they knew, but did not disclose, was inevitable. Whether these assertions are true, of course, is a matter that EJF will be required to prove. At this juncture, however, Defendants' Motion to Dismiss is denied to the extent Defendants argue that EJF's claims for fraud and intentional misrepresentation rest on allegations of misstatements of opinion and law.

## 2. Reliance

■ Defendants contend that even if EJF has pleaded the elements of fraud, the claims should nevertheless be dismissed under Rule 12(b)(6) because EJF cannot, as a matter of law, plead that it reasonably relied on Deutsche Bank's alleged misrepresentations that the letters of credit would protect and secure EJF in the event of Level Propane entered a bankruptcy. Defendants argue that EJF itself pleads that it required the letters of credit because of its stated and expressed fear that Level Propane would enter into bankruptcy proceedings. Further, Defendants note that the letters of credit expressly condition EJF's ability to draw on them upon the Court's final approval of the *Mick* settlement and the entry of final judgment. Because, as Defendants contend, EJF had both the opportunity and obligation to assess the risk of a Level Propane bankruptcy as well as the impact of the Bankruptcy Code on its ability to draw the letters of credit, EJF cannot demonstrate that it reasonably relied on the alleged misrepresentations.

Defendants' arguments again rest on a mischaracterization of EJF's claims and turn on the fact-sensitive issue of the reasonableness of EJF's reliance. EJF maintains that Defendants made misrepresentations and concealed material facts with the intent of misleading EJF into relying upon them. EJF alleges that it relied on the misstatements so far as it entered into the *Mick* settlement and permitted Deutsche Bank to provide the letters of credit to secure the $2.2 million in damages for payment to the class. EJF alleges that Deutsche Bank was not a neutral, third-party providing security for the damages portion of the settlement; EJF instead alleges that Deutsche Bank was a party to the Forbearance Agreement with its borrower, Level Propane, and that Deutsche Bank filed involuntary bankrupt-

cy petitions against Level Propane and its affiliates so as to avoid paying the $2.2 million. EJF contends that, because of the Forbearance Agreement, Deutsche Bank had an vested interest in rushing the execution of the *Mick* settlement agreement and, almost immediately after, initiating bankruptcy proceedings before this Court entered final judgment in the class action. EJF contends that it never would have agreed to permit an interested party to issue the letters of credit or otherwise provide assurances for the damages portion of the settlement.

EJF will be required to prove that it reasonably relied on Defendants' alleged misrepresentations as part of its *prima facie* case. At this pleading stage of the case, however, the Court will not rule that EJF's reliance was unreasonable as a matter of law.

### 3. Dismissal based on heightened pleading requirements

Defendants alternatively argue that EJF's fraud and intentional misrepresentation claims should be dismissed with prejudice under Fed.R.Civ.P. 9(b) because the Complaint fails to satisfy the heightened pleading requirements applicable to fraud claims. EJF asserts in its Memorandum in Opposition to Defendants' Motion that it is asserting "three strains of fraud-fraudulent concealment, fraud in the inducement, and promissory fraud." (Mem. in Opp., at p. 3.) EJF also asserts in its Memorandum in Opposition that Deutsche Bank defrauded them by omission by allegedly not disclosing all material facts relevant to the letters of credit agreement and the underlying settlement.[4]

Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity...." Fed. R.Civ.P. 9(b). "The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him [or her] to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir.1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir. 1988)).

▆▆▆ To satisfy the requirements of Rule 9(b), a party must " 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the [the other party]; and the injury resulting from the fraud.' " *Coffey v. Foamex,* 2 F.3d 157, 161–62 (6th Cir.1993) (quoting *Ballan v. Upjohn Co.,* 814 F.Supp. 1375, 1385 (W.D.Mich.1992)). In the absence of a motion for more definite statement under Rule 12(e), however, dismissal for failure to plead fraud with requisite particularity alone would not be appropriate. *Coffey,* 2 F.3d at 162 (citing *Hayduk v. Lanna,* 775 F.2d 441, 445 (1st Cir.1985)).

Defendants argue that EJF has failed to plead any facts regarding the time or place of the alleged fraud, including but not limited to, when, where or who made the alleged misrepresentations. Defendants also note that EJF has failed to allege any facts supporting an inference of fraudulent intent.[5]

---

**4.** Defendants maintain that EJF's allegations of fraud, even if construed as fraud in the inducement and promissory fraud claims, still fail because EJF does not allege that Deutsche Bank made a false statement of fact or misrepresentation of its present intention, which are necessary elements of the two claims.

For the reasons stated above, however, the Court concludes that EJF is not asserting that Defendants made false statements of law.

**5.** EJF did not address Defendants' arguments with respect to Rule 9(b) and the requirement of pleading its fraud claims with particularity.

■ The Court has reviewed the Complaint and agrees with Defendants that the factual allegations of fraud are not pleaded with sufficient particularly. This conclusion is supported by EJF's arguments in its Memorandum in Opposition that it is asserting "three strains of fraud," none of which is referenced to in the Complaint. Indeed, the Complaint does not refer to the elements or the facts supporting independent claims for fraudulent concealment, fraud in the inducement, or promissory fraud. Nor does it contain such facts as those describing where, when, how and to whom the alleged misrepresentations were made.

The Court, however, declines to dismiss the fraud claims. In order to meet Rule 9(b)'s particularity requirement, "federal courts must be liberal in allowing parties to amend their complaints." *Hayduk*, 775 F.2d at 445. Given that leave to amend should be granted freely "when justice so requires," Fed.R.Civ.P. 15(a), EJF is hereby granted leave to amend its Complaint within fourteen (14) days from the date of this Opinion and Order so as to bring its fraud claims into compliance with Rule 9(b).

## B.  Count One—Declaratory Judgment

■ In Count One, EJF alleges that the "letters of credit, by their terms, are set to expire on March 25, 2004." (Compl., ¶ 34.) Based upon this allegation, EJF seeks a "declaration from the Court that the filing of this lawsuit acts as EJF's presentment and draw of the letters of credit on Deutsche Bank such that Defendants are estopped from asserting the expiration date on the letters of credit ..." until EJF's claims have been adjudicated. (Compl., ¶ 35.) Defendants request that Count One be dismissed as moot because the letters of credit, by their terms, automatically renewed on March 25, 2004 and, as a result, there is no basis for the declaratory relief that EJF seeks.

EJF does not dispute and, in fact, accepts Defendants' position that the letters of credit have automatically renewed. (Memo. in Opp., at p. 11.) Nonetheless, EJF maintains that it still seeks declaratory judgment to the effect that the Complaint serves as a presentment and draw of the letters of credit. It argues that Count One presents an actual controversy concerning the letters of credit such that Defendants should be estopped from asserting an expiration date as a defense to the validity of the letters of credit. EJF also maintains that its request that the Court declare its rights under the letters of credit still remain intact.

Neither party has presented any case law or other authority to the effect that a Complaint seeking declaratory judgment can or cannot serve as presentment for the letters of credit. Defendants correctly note that EJF has provided no support for the expansive declaratory relief that it seeks or the assertion that the Court may disregard the terms of presentment and payment under the letters of credit. Further, it would appear to the Court that a declaratory judgment cannot itself trigger the reimbursement obligations, which, instead, are imposed only when the bank honors a presentment under the letters of credit. The letters of credit in this case merely represent a potential liability of the bank in the form of a promise to make a loan to Level Propane, as its applicant, by paying money to the EJF, as the beneficiary. The declaratory judgment cannot order the bank to pay EJF anything; it would merely resolves questions regarding the rights of the parties.

Moreover, to the extent EJF makes a conclusory argument that it is entitled to a declaration of its rights "under the doctrine of promissory estoppel," it has not pleaded such a claim or any facts describing what conduct would give rise to it.

Nor has EJF described what activity the Court should estop.

If EJF still intends to seek a declaratory judgment, it must assert such claim more clearly, including the entire bases thereon, in its amended complaint within fourteen days or Count One will be dismissed.

## C. Count Five—Repudiation

Count Five of EJF's Complaint alleges that Defendants' action violation the Ohio Uniform Commercial Code, Ohio Rev.Code § 1305.01 *et seq.*[6] Defendants contend that EJF's Uniform Commercial Code ("UCC") claim should be dismissed because EJF has not alleged, and cannot allege, that Deutsche Bank had repudiated the letters of credit prior to their presentment. Thus, according to Defendants, EJF cannot state a claim for relief under the UCC.

### 1. Matters Outside the Pleadings

EJF proffers with is Memorandum in Opposition a letter dated October 9, 2003 sent by Deutsche Bank to counsel for EJF. In the letter, counsel for Deutsche Bank indicates that the settlement agreement in the *Mick* case has been terminated by the filing of Level Propane's notice of rejection and termination with the bankruptcy court. Deutsche Bank demands that counsel cancel the letters of credit issued pursuant to that settlement and immediately return them to the bank. (Pl's Memo. in Opp., Exh. 1.)

The Court notes that EJF did not include the October 9, 2003 letter with its Complaint or otherwise reference it in its allegations. In deciding whether to dismiss a complaint, however, the Court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the Court may take judicial notice. *Song v. City of Elyria,* 985 F.2d at 842. Federal Rule of Civil Procedure 12(b) specifically gives the Court discretion to accept and consider extrinsic materials and mandates that matters outside the pleadings either should be excluded or the motion should be converted to one for summary judgment. *See Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health & Welfare Trust Fund,* 203 F.3d 926, 931 (6th Cir.2000). The Rule expressly requires that all parties be given notice and an opportunity to fully address all pertinent matters with additional evidentiary materials. Fed.R.Civ.P. Rule 12(b). EJF asks the Court to consider the letter and, if necessary, convert the motion to one for summary judgment.

In this case, the Court declines to exercise the option of converting the Motion to Dismiss to a Rule 56 motion for summary judgment. Defendants specifically contest matters asserted in Plaintiff's Complaint with respect to issues raised in Deutsche Bank's letter. Moreover, the letter is unauthenticated and is not proper evidence under Rule 56. While Defendants do not formally object to the use of

---

**6.** Procedurally, Defendants contend that the New York Uniform Commercial Code applies. EJF, however, brought its UCC claim under Ohio law. The letters of credit contain a choice of law clause and provide that they "shall ... be deemed to be subject to the laws of the State of New York and shall ... be governed by an construed in accordance with the laws of the State of New York including,

without limitation Article 5 of the Uniform Commercial Code as in effect in the State of New York." (Letters of Credit, Exh. 2 at 3; Exh. 3 at 3.) The Court need not resolve the apparent choice of law dispute between the parties, however, because the relevant sections of the New York and Ohio's UCC are substantively identical and thus the result of the analysis is the same under either statute.

the letter, they are entitled to discovery regarding it, particularly as it relates to EJF's allegations that Deutsche Bank repudiated the letters of credit. Under these circumstances, the option of converting the Motion to Dismiss to one for summary judgment would have no utility because discovery is necessary to determine whether the matters advanced by EJF outside of the pleadings present genuine issue of material fact. Accordingly, the Court will exclude the extrinsic letter attached to EJF's Memorandum in Opposition.

## 2. Repudiation

■ EJF argues that Deutsche Bank repudiated the letters of credit by continually resisting EJF's attempts to obtain relief from the automatic stay. It alleges generally that Defendants "continually fought the Certified Class' attempts to obtain relief from the automatic stay for the sole purpose of avoiding payment on the Letters of Credit." (Compl., ¶ 30.)

Section 5–111 of the UCC allows the beneficiary of a letter of credit to seek damages in the event that the issuer "wrongfully dishonors or repudiates its obligation to pay money under a letter of credit before presentation ..." Ohio Rev. Code § 1305.10(A) and N.Y U.C.C. § 5–111.

EJF has not provided any support for the position that Deutsche Bank's advocacy efforts in the Bankruptcy Court in opposition to its attempts to lift the bankruptcy stay constitute repudiation. The Court's independent research has uncovered no authority for the proposition that efforts, such as opposing the motion to lift the automatic stay, could suffice as repudiation.

Again, EJF advances in support of this claim its contention that the filing of the law suit serves as proper presentment of the drawing certificates. The Court has already questioned, but not dismissed, EJF's claim in this regard subject to further review of the amended complaint. EJF, however, has failed to articulate how Deutsche Bank otherwise repudiated the letters of credit, given that EJF has never formally presented the drawing certificates. Nor has EJF explained how Deutsche Bank repudiated the letters of credit in the context of the Bankruptcy Court's orders refusing to lift the automatic stay and approving Level Propane's rejection of the proposed *Mick* settlement agreement as a pre-petition executory contract. In other words, EJF has not demonstrated how Deutsche Bank repudiated the letters of credit in light of the Bankruptcy Court's Orders that forestalled EJF's ability to satisfy all of the conditions required to draw on them.

Nonetheless, because the Court is not convinced that amendment of this Count would be futile, Plaintiffs may, within fourteen days, amend Count Five or else the same will be dismissed under Rule 12(b)(6).

## IV.

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED**. EJF is hereby granted **LEAVE TO AMEND** its Complaint within fourteen (14) days from the date of this Opinion and Order.

**IT IS SO ORDERED.**