NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0133n.06
Filed: March 5, 2008

No. 07-3357

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FRANCINE BERGMOSER; TERRY KING;
LINDA L. HEIDL,

     Plaintiffs-Appellants,

v.

SMART DOCUMENT SOLUTIONS, LLC;
SMART CORPORATION,

     Defendants-Appellees.

                                /

On appeal from the United States
District Court for the Northern
District of Ohio

BEFORE:    RYAN, BATCHELDER, and GRIFFIN, Circuit Judges.

RYAN, Circuit Judge.    The plaintiffs appeal the district court's decision to grant the defendants' motion to dismiss their claims and to deny the plaintiffs' motion for leave to amend their complaint. Because we believe dismissal was warranted and that the district court did not abuse its discretion in denying the plaintiffs leave to amend their complaint, we affirm the district court's judgment.

**I.**

The plaintiffs filed this putative class action suit against the defendants, Smart Document Solutions, LLC, and Smart Corporation (collectively, Smart), alleging that Smart's practice of charging consumers more than the actual cost for shipping, and assessing sales tax on the services they provide, violates the Ohio Consumer Sales

Practice Act (OCSPA), as well as Ohio common law. The plaintiffs are requesting compensatory damages and an order enjoining Smart from continuing this practice.

Smart is a medical records processing company that provides copies of medical records to consumers upon request. Smart contracts with clinics, hospitals, and other healthcare providers to process medical record requests made by patients. Through its 5,500 facilities nationwide, Smart processes approximately 20,000 medical document requests and sends approximately 600,000 pages of documents through the United States Postal Service (USPS) each day.

The individual plaintiffs in this suit are among those who have requested and received copies of medical records from different healthcare providers having agreements with Smart to fill their requests. Each of the plaintiffs received invoices detailing the various fees that Smart charged in the transactions. The descriptive categories on the invoices included a "Basic Fee," "Retrieval Fee," "Per Page Copy," "Shipping/Handling," and "Sales Tax." Upon receiving the invoices along with the medical records, the plaintiffs remitted the amount indicated on the invoices and kept the copies of the medical records.

Under the line item "Shipping/Handling," Smart charged the plaintiffs at a rate identical to the rate of then-first class postage (approximately $.39), while Smart actually paid approximately $.33, a discounted postage rate for shipping the documents through the USPS. Smart also charged the plaintiffs sales tax on this service.

The plaintiffs filed suit in the Erie County Ohio Court of Common Pleas and the defendants removed the case to the United States District Court for the Northern District of Ohio. Smart moved to dismiss all the plaintiffs' claims under Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The plaintiffs opposed the motion and filed a motion to amend their complaint to add a new claim under the Deceptive Trade Practices Act (DTPA), a claim for unjust enrichment and sought equitable accounting. The district court granted Smart's motion to dismiss and denied the plaintiffs' motion to amend. The plaintiffs now appeal both decisions.

## II.

Dismissal under Rule 12(b)(6) is appropriate when a court concludes the plaintiffs could not prove any set of facts in support of their claims that would entitle them to relief. Moon v. Harrison Piping Supply, 465 F.3d 719, 723 (6th Cir. 2006), cert. denied, 127 S. Ct. 1832 (2007). We review the district court's decision to grant a motion to dismiss de novo. Doe v. Bredesen, 507 F.3d 998, 1002 (6th Cir. 2007).

## III.

The plaintiffs claim Smart violated the OCSPA by charging more than the actual cost it paid for mailing the medical records to the consumers. Specifically, the plaintiffs argue that the provisions of the OCSPA, Ohio Revised Code Ann. § 1345.01-1345.12, which prohibit unfair or deceptive sales practices, preclude Smart from charging more than its actual costs for shipping. Further, the plaintiffs contend that Smart is bound by the schedule of charges set forth in the Medical Records Statute, Ohio Rev. Code Ann. § 3701.741, which specifically proscribes charging more than the actual cost of postage incurred by the medical record processing company. See Ohio Rev. Code Ann. § 3701.741(B)(1)(c), (B)(2)(d) (West 2005).

The OCSPA excludes from its scope, acts or practices that are "required or specifically permitted . . . by or under other sections of the Revised Code." Ohio Rev. Code Ann. § 1345.12(A). Section 3701.741, subsection (E), is such an "other section[]." It authorizes medical record companies to contract with patients, patients' representatives, and authorized individuals to provide these services and it does not place limitations on the terms of these agreements. See Ohio Rev. Code Ann. § 3701.741(E)(1).

Here, the parties entered into contracts that were expressly authorized by the Medical Records Statute. When each plaintiff requested medical records from Smart, received and retained the records, and remitted payment in accordance with the terms of the invoice, the result was a binding contract with Smart, as allowed in subsection (E). These transactions are expressly authorized by the Medical Records Statute and are outside the scope of the OCSPA.

**IV.**

The plaintiffs also claim the defendants improperly collected sales tax on these transactions. The defendants argue, and we agree, that the plaintiffs have not stated a claim upon which the district court could grant relief. Even if the taxes were improperly assessed, the Ohio Administrative Code does not authorize private suits against vendors, seeking recovery of collected taxes. The Ohio Administrative Code § 5703-9-07(B) sets forth the proper method of pursuing a tax refund. The consumer may either file an application directly with the tax commissioner or request a refund from the vendor. Ohio Admin. Code § 5703-9-07(B) (2004). The plaintiffs argue that they should be allowed to pursue their claim for wrongfully assessed taxes because § 5703-9-07 permits consumers

to "[r]equest a refund from the vendor." Id. at § (B)(1)(b).  But, this section concludes, "[i]f a vendor or seller denies a consumer's refund request, the consumer may file an application for refund with the tax commissioner . . . .  That is the consumer's sole remedy to claim refund of the tax." Id. at § (B)(2).  We conclude that the Administrative Code does not authorize private actions to recover sales taxes and the plaintiffs have not stated a claim upon which relief can be granted.

**V.**

The plaintiffs also claim common law fraud. The elements of common law fraud in Ohio are:

> (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false . . . , (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance.

Gaines v. Preterm-Cleveland, Inc., 514 N.E.2d 709, 712 (Ohio 1987).

The plaintiffs' claim fails this test for two reasons.  First, they do not allege that Smart expressly represented to the plaintiffs that Smart charged its actual postage cost under its "Shipping/Handling" charge.  The plaintiffs assumed that this charge reflected the actual cost Smart paid.  However, in the absence of facts indicating that Smart affirmatively misrepresented the nature of the charge, an essential element of common law fraud is missing.  Second, the plaintiffs' claim, that Smart fraudulently charged non-actual postage costs, amounts to a misrepresentation of law.  A legal misrepresentation cannot form the basis of a fraud or intentional misrepresentation claim, as a matter of law.  See Equal

Justice Found. v. Deutsche Bank Trust Co. Ams., 412 F.Supp. 2d 790, 795 (S.D. Ohio 2005). Therefore, the plaintiffs have not stated an actionable common law fraud claim.

**VI.**

The plaintiffs also appeal the district court's decision denying their motion to amend their complaint to add claims rising under the Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.02(A)(2) and (3), and the equitable theories of unjust enrichment and accounting. When, as in this case, a district court bases its decision to deny leave to amend a complaint on the legal conclusion that the amended claims could not withstand a motion to dismiss, we review the decision de novo. PR Diamonds, Inc. v. Chandler, 364 F.3d 671, 680 (6th Cir. 2004).

The district court denied the plaintiffs' motion to amend the complaint primarily on the ground that the proposed amendment would be "futile." The court determined that the DTPA did not apply to the facts of this case and that the plaintiffs' claim under this statute would not state a claim upon which relief can be granted. The court concluded that plaintiffs' equitable claims likewise failed.

A motion to amend is "futile" if it would not withstand a Rule 12(b)(6) motion to dismiss. Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420-21 (6th Cir. 2000). The DTPA deals with misrepresentations regarding corporate affiliations and does not pertain to other types of misrepresentation claims. See Leventhal & Assoc., Inc. v. Thomson Cent. Ohio, 714 N.E.2d 418, 424-25 (Ohio Ct. App. 1998). Therefore, since the plaintiffs are not alleging any corporate affiliation misrepresentation, they are unable to recover under this theory.

A party cannot prevail on a theory of unjust enrichment when an express contract has been formed.  See Delicom Sweet Goods of Ohio, Inc. v. Mt. Perry Foods, Inc., No. 04 CA 4, 2005 WL 525185, at *4 (Ohio Ct. App. Mar. 2, 2005).  The plaintiffs agree that they entered into express contracts with Smart to provide the medical records copying service; and their claims address the legal implications of these contracts.  It follows that the plaintiffs have not stated a valid claim for unjust enrichment and equitable accounting upon which relief can be granted.

## VII.

One of the plaintiffs is a law firm and argues that it has standing to sue Smart.  The district court did not address this issue when it granted Smart's motion to dismiss and it is not necessary that we do so.

## VIII.

For the reasons set forth above, we **AFFIRM** the district court's judgment.